McClure v. Ghost Town in the Sky, LLC, 2022 NCBC 78.

STATE OF NORTH CAROLINA

HAYWOOD COUNTY

JILL MCCLURE,

        Plaintiff,

v.

GHOST TOWN IN THE SKY, LLC
and MAGGIE VALLEY RV PARK,
LLC,

        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS 752

**ORDER AND OPINION
ON MOTION TO DISMISS**

*McGuire Wood & Bissette, P.A., by Mary E. Euler, for Plaintiff Jill
McClure.*

*McLean Law Firm, P.A., by Russell Lyway McLean, for Defendants
Ghost Town in the Sky, LLC and Maggie Valley RV Park, LLC.*

Conrad, Judge.

1.    Plaintiff Jill McClure claims to be a member of Defendants Ghost Town in the Sky, LLC and Maggie Valley RV Park, LLC. She has brought this action with one goal: to dissolve both companies. Ghost Town in the Sky and Maggie Valley RV Park contend that McClure is an economic interest holder, not a member, and therefore lacks standing to seek their dissolution. They have moved to dismiss the complaint on that basis. (ECF No. 4.)

2.    Formed in June 2020, Ghost Town in the Sky owns about 250 acres in the North Carolina mountains that were once home to a western-themed amusement park. Its original members were Alaska Presley and Coastal Development, LLC. Presley, who hoped to redevelop the property as a Christian theme park, partnered

with Coastal Development to obtain financing for that purpose or, if unsuccessful, to sell the property. (*See* Compl. ¶¶ 25, 29–31, ECF No. 3.)

3.      Maggie Valley RV Park owns a handful of acres not far from the defunct amusement park. It was also formed by Presley and Coastal Development, just a few months after Ghost Town in the Sky. The company's purpose is right there in its name: to develop a recreational vehicle park. (*See* Compl. ¶¶ 59, 60.)

4.      The two LLCs have very similar operating agreements with nearly identical provisions on transfers of interests and admission of new members. A couple of provisions specifically deal with the death or incapacity of Presley, who was well into her nineties when she formed Ghost Town in the Sky and Maggie Valley RV Park. (*See* Compl. ¶ 6.) In a nutshell, Presley designated McClure, her niece, as her successor. If Presley were to become incapacitated, McClure would "act in the place and stead of Alaska Presley in exercising Alaska Presley's rights, duties and obligations under" the operating agreements. (Op. Agrmt. § 12.3.*) If Presley were to die, McClure would "succeed to all of Alaska Presley's Membership interest . . . with all the interests, rights and duties previously held by the decedent." (Op. Agrmt. § 12.4.)

5.      Other provisions deal with transfers more generally. Members may, for example, transfer their interests to spouses, children, and certain other related parties. (*See* Op. Agrmt. § 10.2.) But the recipient is not automatically admitted to membership. To become a member, the recipient must satisfy various conditions,

---

* Both operating agreements are attached to the complaint, located at ECF No. 3. Because they are identical in all relevant respects, the Court cites them as a single document.

including obtaining the consent of the other members. Failure to do so means that he or she "shall have no right to share in any management decisions, no voting rights, no right to examine Company books and records, and no other rights of any kind whatsoever" other than "the right to receive the share of income, losses and distributions" possessed by the divesting member. (Op. Agrmt. § 10.5.) Transfers to unrelated parties, though not relevant here, are subject to greater restrictions. (*See, e.g.*, Op. Agrmt. § 10.3.)

6. Presley died in April 2022. It didn't take long for McClure and Coastal Development to fall out. Claiming to be a member of Ghost Town in the Sky and Maggie Valley RV Park, McClure began asking for books and records, an accounting and other financial information, and access to each company's real property. Coastal Development denied every request. (*See* Compl. ¶¶ 5, 6, 15, 46–48, 75, 76.)

7. So McClure filed this action. She alleges that Ghost Town in the Sky and Maggie Valley RV Park are insolvent, have no income, and cannot pay their taxes, insurance, and other essential costs. She also alleges that Coastal Development has no plans to redevelop and reopen Ghost Town in the Sky's park grounds and that it intends to develop Maggie Valley RV Park's property for permanent residential structures rather than recreational vehicles. It is necessary, she claims, to dissolve both LLCs and wind up their affairs. (*See* Compl. ¶¶ 87–91, 93–97.)

8. Ghost Town in the Sky and Maggie Valley RV Park have moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil

Procedure. Their motion is fully briefed, and the Court elects to decide it without a hearing. *See* BCR 7.4.

9. The only question at issue is whether McClure became a member of the LLCs when she succeeded to Presley's interests. Ghost Town in the Sky and Maggie Valley RV Park contend that the operating agreements gave McClure an economic interest but not membership rights. If so, then she lacks standing because a nonmember may not bring an action to dissolve an LLC. *See* N.C.G.S. § 57D-6-02; *see also, e.g.*, *Azure Dolphin, LLC v. Barton*, 2017 NCBC LEXIS 90, at *18 (N.C. Super. Ct. Oct. 2, 2017).

10. This is a question of contract interpretation. "An operating agreement is a contract," and all the ordinary canons of construction apply. *N.C. State Bar v. Merrell*, 243 N.C. App. 356, 370 (2015). The words chosen by the parties "are to be given their meaning in ordinary speech, unless the context clearly indicates another meaning was intended." *Singleton v. Haywood Elec. Membership Corp.*, 357 N.C. 623, 629 (2003) (citation and quotation marks omitted). "A contract that is plain and unambiguous on its face will be interpreted by the court as a matter of law." *Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs., P.C*, 362 N.C. 269, 273 (2008).

11. The place to begin is section 12.4. That section—which is the same in each operating agreement—unambiguously states that McClure "shall succeed to *all* of Alaska Presley's Membership interest" and receive "*all* the interests, rights and duties previously held by" Presley. (Op. Agrmt. § 12.4 (emphases added).) This is not a partial grant of economic rights. It is a comprehensive grant of all membership

rights held by Presley. All means all—not some or part. Thus, when Presley died, McClure received her membership in the LLCs and all the interests, rights, and duties that go with membership. Construing section 12.4 to grant anything less would be unreasonable and inconsistent with its plain language.

12. To support their contrary interpretation, Ghost Town in the Sky and Maggie Valley RV Park point to sections 10.2 and 10.5. But those sections are irrelevant. The operating agreements' general rules for transfers of membership interests are expressly "subject to" the specific terms in section 12.4 for "the transfer of the Membership interest of Alaska Presley upon her death." (Op. Agrmt. § 10.2.) That is consistent with the traditional canon that "general terms should give way to the specifics" in a contract. *Wood-Hopkins Contracting Co. v. N.C. State Ports Authority*, 284 N.C. 732, 738 (1974).

13. This does not mean that sections 10.2 and 10.5 are superfluous, as the LLCs contend. Rather, those sections would naturally apply to a variety of transfers. They are not devoid of meaning simply because the original members carved out the transfer from Presley to McClure that is governed by section 12.4. The Court's interpretation gives effect to "every word and every provision"—both the general rule and the specific exception. *WakeMed v. Surgical Care Affiliates, LLC*, 243 N.C. App. 820, 824 (2015) (citation and quotation marks omitted).

14. Accordingly, the Court concludes that the plain language of the operating agreements grants to McClure the membership interests and associated rights held by Presley. McClure is therefore a member of Ghost Town in the Sky and Maggie

Valley RV Park. *See* N.C.G.S. § 57D-1-03(21) (defining member to include "[a] person who has been admitted as a member of the LLC as provided in the operating agreement"). And she has standing to bring an action for their judicial dissolution.

15. For all these reasons, the Court **DENIES** the motion to dismiss.

**SO ORDERED**, this the 5th day of December, 2022.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases